# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9424 | **DATE** | 1/11/2005 |
| **CASE TITLE** | Josephine Corso vs. Suburban Bank & Trust Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's Motion to Disqualify Defendants' counsel Steven Hartmann for a conflict of interest is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JAN 12 2005 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 24 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 11 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

JOSEPHINE CORSO,

    Plaintiff,

v.

SUBURBAN BANK & TRUST CO., et al.,

    Defendants.

Case No. 03 C 9424

Hon. Harry D. Leinenweber

DOCKETED
JAN 12 2005

## MEMORANDUM OPINION AND ORDER

This case arises from the Plaintiff's termination from Suburban Bank and Trust (hereinafter, "Suburban"), where she served as President. During her time at Suburban, Plaintiff engaged in a long-term sexual relationship (approximately 16 years) with Mr. Hill, Jr., the husband of Blanche Hill and father of David Hill, III. Plaintiff brought a nine-count complaint against Suburban, and individually against Blanche Hill and David Hill, III, for sex discrimination, age discrimination, retaliation, as well as several state claims. Defendants contend that Plaintiff was terminated for poor work performance. Before the Court is Plaintiff's Motion to Disqualify Defendants' counsel Steven Hartmann for a conflict of interest (the "Motion").

### I. DISCUSSION

Plaintiff bases her Motion upon Local Rule 83.51.9, which provides:

> A lawyer who has formerly represented a client
> in a matter shall not thereafter represent
> another person in the same or a substantially

> related matter in which the person's interests
> are materially adverse to the interests of the
> former client unless the former client consents
> after disclosure.

Plaintiff contends that Hartmann has a conflict of interest and raises one primary ground for disqualifying him – his representation of Plaintiff in connection with an EEOC charge of sexual harassment filed by former employee Ms. Triplett against Plaintiff, Mr. Hill, Jr., and Suburban (the "Triplett proceeding"). Hartmann represented Plaintiff in defending Triplett's EEOC charge and in documenting the settlement reached between Triplett and Plaintiff. Plaintiff contends that the Triplett proceeding is substantially related to the present matter and thus Hartmann should be barred from representing Defendants in the present adverse action. Specifically, Plaintiff asserts that Blanche Hill and David Hill, III discovered her sexual relationship with their husband and father, respectively, as a result of the Triplett proceeding. Further, Plaintiff alleges that there is a presumption that she shared confidences with Hartmann in the previous representation that could be used against Plaintiff in connection with Defendants' poor performance defense. In her reply memorandum, Plaintiff asserts that she shared other information with Hartmann beyond her relationship with Mr. Hill, Jr. and Ms. Triplett.

Defendants respond that the Motion is a late-stage litigation tactic that would cause prejudice and undue hardship to Defendants. Plaintiff knew of the alleged conflict for twenty months before filing suit and thus waived any conflict by failing to act in a

prompt manner. Defendants further contend that the substantial relationship test for disqualification is inapplicable here because Hartmann jointly represented Plaintiff, Suburban, and Mr. Hill, Jr. in connection with the Triplett proceeding.

Defendants alternatively argue that even if the substantial relationship test applies, the Triplett proceeding is not substantially related to the present action for three main reasons. First, the Triplett proceeding was limited in scope -- Hartmann filed a joint position statement with the Department of Human Rights, responded to the department's questionnaire, and documented a settlement reached between Triplett in Plaintiff. Second, any alleged confidences shared by Plaintiff to Hartmann during the Triplett proceeding are now generally known -- she disclosed the information in her First Amended Complaint and in the position paper submitted in response to the EEOC complaint. Further, the Triplett proceeding is unrelated to Plaintiff's present claims. Finally, Hartmann did not share any of Plaintiff's confidences from the Triplett proceeding with the Board in connection with her termination.

Motions to disqualify are a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983)(citations omitted). The Seventh Circuit instructs courts to consider the following in determining whether to disqualify counsel:

> First, we must determine whether a substantial relationship exists between the subject matter of the prior and present representations. If we conclude a substantial relationship does exist, we must ascertain whether the presumption of shared confidences with respect to the prior representation has been rebutted. If we conclude this has not been rebutted, we must then determine whether the presumption of shared consequences has been rebutted with respect to the present representation.

*Id.* at 420.

A court can deny a motion to disqualify based on waiver. "A former client who is entitled to object to an attorney's representation of an adverse party on the ground of conflict of interest 'but who knowingly refrains from asserting it promptly is deemed to have waived that right.'" *Continental Holdings Inc. v. United States Can Co.*, 1996 WL 385346, *1 (N.D. Ill. 1996), quoting *Chemical Waste Management, Inc., v. Sims*, 875 F.Supp. 501, 504-05 (N.D. Ill. 1995). In determining whether a party has waived a conflict based on delay, the Court considers the length of the delay, when the movant learned of the delay, the reason for the delay, whether the movant was *pro se* during the delay, and whether the disqualification would result in prejudice to the nonmoving party. *See Continental Holdings, Inc.*, 1996 WL 385346 at *1 (citations omitted).

Here, Plaintiff contacted Hartmann on March 25, 2003 following her termination from Suburban. Hartmann informed Plaintiff at that time that he represented Suburban, and accordingly that she should hire her own attorney. (Hartmann Affidavit, ¶ 9). Over the next

month, Hartmann negotiated with Plaintiff, and with Plaintiff's counsel when obtained by Plaintiff, regarding Plaintiff's severance package. The parties did not reach agreement on the severance package.

On April 28, 2003, Plaintiff's counsel, Lori Deem, sent Hartmann a letter alleging that he had a conflict of interest due to Hartmann's representation of Plaintiff in the Triplett proceeding. The letter further stated that if Plaintiff filed an EEOC charge, she expected the bank to engage new counsel. *Id.* ¶ 10; Defendants Ex. J(1). Hartmann responded to Plaintiff's counsel in a phone conference and confirmed in a May 9, 2003 letter that he did not have a conflict of interest because the present dispute was not same or substantially related to his prior joint representation of Plaintiff and Suburban on the Triplett proceeding. *Id.*; Def. Ex. J(2). Plaintiff did not respond to the letter and appeared to drop the subject altogether. Plaintiff filed suit on December 30, 2003, and Hartmann filed his first appearance on March 1, 2004. Plaintiff did not raise any other objection to Hartmann serving as Defense counsel until she filed the instant motion to disqualify on December 3, 2004. *See id.* ¶ 11.

Thus, based on the evidence in the record, Plaintiff knew of a potential conflict for approximately twenty months prior to filing the motion to disqualify. Plaintiff was represented by counsel for approximately nineteen of the twenty months. Plaintiff has not provided any reasons for the delay in filing the instant motion.

Plaintiff responds in her reply memorandum that the Complaint was filed only twelve months ago, and discovery did not start until seven months ago. However, Plaintiff does not dispute that she knew of the potential conflict for twenty months. Instead, Plaintiff asserts that there would be minimal disruption and prejudice because little discovery has been conducted due to the joint motion for discovery extension and the protective order.

Hartmann conversely contends that there would be substantial prejudice and hardship to his clients if he is disqualified. Defendant has answered the complaint and the amended complaint, and filed a motion to dismiss. The parties also negotiated a protective order and plaintiff took one deposition. Further, Hartmann attested that he has spent 190 hours on his activities in connection with the case thus far, including conducting numerous interviews, reviewing bank documents, preparing and responding to interrogatories and document requests, addressing the protective order, producing documents, meeting with the witnesses identified by Plaintiff, and representing the one witness deposed by Plaintiff. See Hartmann Aff., ¶ 12.

The Court agrees with Defendant that the disqualification of Hartmann at this late date -- almost two years after Plaintiff's termination -- would cause the Defendants substantial prejudice. Plaintiff knew of the potential conflict and was represented by counsel. Rather than object in a timely manner, Plaintiff allowed the case to proceed with Hartmann investing time and energy

representing Defendants in developing the case. The Court concludes that Plaintiff has waived her right to object to Hartmann's representation based on conflict of interest. See *Continental Holdings Inc. v. United States Can Co.*, 1996 WL 385346 at *1.

Further, even if the Court affords Plaintiff the benefit of the doubt that the substantial relationship test applies here and that the Triplett proceeding and the instant case were substantially related, the Court concludes that disqualification of Hartmann is improper because Defendants have rebutted the presumption of shared confidences. See *Schiessle*, 717 F.2d at 420. In her initial brief, Plaintiff contends that the matters are substantially related because Defendants' learned of her affair with Mr. Hill, Jr. due to the Triplett proceeding. Here, there is no evidence to support the contention that Hartmann shared Plaintiff's confidences allegedly obtained in connection with Triplett proceeding with the Board prior to Plaintiff's termination. Conversely, each Board member submitted an affidavit expressly attesting that they did not know any of the details surrounding the Triplett proceeding at the time they terminated Plaintiff. The members attested that they only knew the mere fact that Triplett had filed an EEOC sexual harassment complaint as told to them by Plaintiff. Hartmann additionally submitted an affidavit attesting that he did not reveal any of Plaintiff's confidences, about the Triplett proceeding or otherwise, to the Board members prior to Plaintiff's termination. Plaintiff even acknowledged in the First Amended Complaint that she did not disclose

the Triplett proceeding to the Board prior to Mr. Hill, Jr.'s death. Although Plaintiff contends that in January 2003 she told Blanche Hill and the Board that Triplett had filed an EEOC charge based on sexual harassment, she did not allege that she disclosed the details of such charge to the Board at any point prior to her termination. Finally, Plaintiff herself revealed the alleged confidences -- information regarding her sexual relationship with Mr. Hill, Jr., as well as the three-way sexual encounters with Triplett -- in the First Amended Complaint and in the position statement filed in connection with the EEOC complaint.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: January 11, 2005